WO                                                                                           SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Torrez, et al., | No. CV 09-2298-PHX-MHM (MHB) |
| Plaintiffs, | **ORDER** |
| vs. | |
| Corrections Corporation of America, et al., | |
| Defendants. | |

In this case, David Torrez and four other inmates confined in the La Palma Corrections Center (LPCC), a Corrections Corporation of America (CCA) facility in Eloy, Arizona, filed a joint *pro se* Civil Rights Complaint by a Prisoner under 28 U.S.C. § 1983. (Doc.# 1).[1] In an Order filed on January 20, 2010, the Court ordered the action severed into new separate cases by the five inmates. (Doc.# 5.) Torrez has filed an objection and a motion for reconsideration. (Doc.# 7.) The objection will be overruled and reconsideration will be denied.

Generally, motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). A

---

[1] "Doc.#" refers to the docket number of filings in this case unless otherwise indicated.

motion for reconsideration should not be used to ask a court "to rethink what the court had already thought through, rightly or wrongly." Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). Rather, such arguments should be directed to the court of appeals. Sullivan v. Faras-RLS Group, Ltd., 795 F. Supp. 305, 309 (D. Ariz. 1992).

Torrez argues that he should have been afforded an opportunity to brief the class certification issue before this action was severed into separate individual cases. As explained in the Court's prior Order:

> Plaintiffs purport to bring this case as a class action. Plaintiffs have not shown that the four prerequisites to a class action under Rule 23(a), Fed.R.Civ.P., *i.e.*, numerosity, typicality, commonality, and adequacy of representation, are met in this case. Moreover, although each Plaintiff may appear on his own behalf, he may not appear as an attorney for other persons in a class action. McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966) (non-lawyer had no authority to appear as an attorney for other persons in a purported class action); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (plain error to permit an inmate proceeding pro se to represent fellow inmates in a class action). "This rule is an outgrowth not only of the belief that a layman, untutored in the law, cannot 'adequately represent' the interests of the members of the 'class,' but also out of the long-standing general prohibition against even attorneys acting as both class representative and counsel for the class." Huddleston v. Duckworth, 97 F.R.D. 512, 514 (N.D. Ind. 1983). Accordingly, certification of this case as a class action is inappropriate.

(Doc.# 5 at 1-2.) Further, the Court stated:

> Generally, plaintiffs may join in one action if they assert any right to relief arising out of the same occurrence or series of occurrences and if any question of law or fact in common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20. However, Rule 21 of the Federal Rules of Civil Procedure authorizes the Court to drop parties and to sever claims on just terms. See Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980) (even if the specific requirements of Rule 20 may be satisfied, a trial court must examine other relevant factors to determine if joinder of a party will comport with principles of fundamental fairness).
> Even if Plaintiffs in this action are properly joined, the Court has found that management of *pro se* multi-plaintiff inmate litigation presents significant burdens to both the parties and the Court. Plaintiffs are inmates proceeding *pro se*, and, although each Plaintiff may appear on his own behalf, none may appear as an attorney for the others. Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997). Therefore, during the prosecution of this action, each Plaintiff would be required to sign and submit his own motions and notices related to his claims in the action, and all Plaintiffs would be required to individually sign any motion or notice filed on behalf of all Plaintiffs. However, because of security concerns related to inmate correspondence and face-to-face communications, Plaintiffs would have at best only a very limited opportunity to discuss case strategy, share discovery, or even provide each

|   | other copies of the motions and notices they file with the Court. Thus, continued administration of the lawsuit by the inmates is limited, if not virtually impossible, due to the regulation of inmate-to-inmate correspondence. Moreover, inmates are subject to transfer at any time to a facility other than the one where they are currently incarcerated. |

(Id. at 2-3.)

With the above concerns in mind, the Court concluded that unitary adjudication of the Plaintiffs' claims would result in unfairness to them, to the Defendants, and to the Court's goals of achieving judicial economy and maintaining efficient control of the Court's docket, while severance of the action would ameliorate those concerns. Thus, this case was not severed based merely on a failure to meet the prerequisites for class action. It was also severed because none of the Plaintiffs could represent anyone other than themselves and because of the difficulty of administering a case with five, incarcerated, *pro se* plaintiffs, who may be confined in separate facilities. Torrez does not dispute these difficulties, nor does he demonstrate that severance in any way prejudices him or the other Plaintiffs. He otherwise fails to demonstrate the Court clearly erred, that newly discovered evidence would alter the analysis, or an intervening change in controlling law. Torrez's objection will be overruled and reconsideration denied.

**IT IS ORDERED** that Torrez's objection to severance is overruled and his motion for reconsideration is **denied**. (Doc.# 7.)

DATED this 15th day of March, 2010.

_____
Mary H. Murguia
United States District Judge